UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>  *PLAINTIFF*<br><br>VS.<br><br>ECOSERV, LLC,<br>  *DEFENDANT* | CIVIL ACTION NO. 23-1321 |

## **COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Age Discrimination in Employment Act, as amended (ADEA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, sex, age, and retaliation, and to provide appropriate relief to Felicia Savoie and to Black, female and 40-years-of-age-or-older applicants adversely affected by such practices. As alleged with greater particularity below, Defendant engaged in unlawful discrimination by (1) regularly denying employment to applicants who are Black, female, and/or 40 years old or older for non-salaried, non-office positions because of race, sex, and/or age; and (2) retaliating against Felicia Savoie, who opposed Defendant's actions, which she reasonably perceived to constitute unlawful employment discrimination. Defendant's actions constitute a pattern or practice of unlawful discrimination on the basis of race, sex, and/or age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 7 of the ADEA, 29 U.S.C. § 626, which incorporates by reference Sections 16(c) and 17 of the Fair Labors Standards Act, as amended ("FLSA"), 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction and venue of the United States District Court for the Western District of Louisiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADEA.  The Commission is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6, and Section 7 of the ADEA, 29 U.S.C. § 626, as amended.

4. Defendant, Ecoserv, LLC ("Defendant") is a State of Delaware limited liability company.  At all relevant times, Defendant has continuously been doing business in the State of Louisiana and the City of Abbeville, in Vermilion Parish.

5. At all relevant times, Defendant was in the business of providing offshore industrial cleaning services.

6. At all relevant times, Defendant has continuously been an employer in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Section 11 of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this action, Felicia Savoie filed a charge of discrimination with the Commission alleging that Defendant committed violations of Title VII and the ADEA.[1]

8. On July 5, 2022, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and the ADEA. The Letter of Determination invited Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. Thereafter, the Commission engaged in communications with Defendant to provide the opportunity to voluntarily remedy the discriminatory practices described in the Letter of Determination.

---

[1] At all times relevant to this complaint, Ms. Savoie's name was Felicia Savoie. Her name subsequently changed to Felicia Naquin. This complaint refers to her as Savoie.

3

10. On August 15, 2023, the Commission issued Defendant a final Notice of Conciliation Failure advising that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

## FACTUAL ALLEGATIONS

12. On or around March 21, 2017, Defendant hired Felicia Savoie as a human resources manager.

13. Mitchell LeBlanc, a vice president of Defendant, was responsible for hiring, supervising, and eventually discharging Savoie.

14. Jarad Moneaux, Defendant's safety director, also supervised Savoie.

15. Savoie was qualified for her position and remained qualified throughout her employment with Ecoserv.

16. On July 12, 2017, Mr. Moneaux prepared a performance review of Savoie. In each section, he indicated that Savoie fully achieved, and in some instances exceeded, expectations.

17. At all times relevant to this matter, Savoie performed her job at least satisfactorily.

18. Approximately six months after Savoie's hire, Savoie became responsible for posting advertisements for available positions on on-line career websites as well as pre-screening applicants who applied online. Pursuant to her

duties, Savoie referred qualified applicants to Defendant's operations managers who were responsible for interviewing, selecting, and making offers to applicants.

19. At all relevant times, Mr. LeBlanc controlled the hiring process and had final decision-making authority for hiring decisions.

20. Defendant, through LeBlanc, its operations managers, and individuals who provided training to Savoie, informed Savoie that Defendant preferred to hire men for non-salaried, non-office positions.

21. Defendant, through LeBlanc and its operations managers, instructed Savoie not to refer female applicants to the operations managers.

22. LeBlanc and Defendant's operations managers, on numerous occasions, rejected qualified applicants who were female, Black, and/or who were 40 years old or older because of their race, sex, and/or age.

23. Defendant's operations managers made statements that Black applicants were "thugs" or lived in the "ghetto."

24. Defendant instructed other employees involved in Defendant's hiring processes to limit the number of Black applicants they selected, recommended, or referred.

25. Defendant collected copies of applicants' driver's licenses to verify their age. Defendant used driver's license information to screen out applicants over the age of twenty-five.

26. In or around November or December of 2017, Savoie became responsible for hiring candidates for Defendant's "flex pool." The flex pool was a pool of employees

who could substitute for offshore crew members if a crew member was absent. Savoie was tasked with selecting, interviewing, and making offers to hire flex pool candidates.

27. Around the time that Savoie became responsible for flex-pool hiring, Savoie also became responsible for reviewing hard copy applications submitted by candidates who applied in person. Savoie referred applicants she deemed qualified for non-flex pool positions to the operations managers, who would then review the applicants, conduct interviews, and decide whom to hire.

28. Despite, and in opposition to, Defendant's instructions, hiring practices, and preferences, Savoie referred applicants who were Black, female, and/or 40 years of age to operations managers for non-flex pool positions. Savoie also hired applicants who were Black, female, and/or 40 years of age or older for flex-pool positions. In doing so, Savoie resisted and opposed Defendant's instructions, hiring practices, and preferences, which she reasonably believed violated Title VII and the ADEA.

29. Savoie also instructed staff under her supervision to stop collecting driver's licenses because she believed that Defendant used them to unlawfully screen out applicants based on their age. By doing so, Savoie opposed Defendant's unlawful conduct, which opposition constituted protected activity within the meaning of the ADEA.

30. In response to Savoie's instruction, Defendant began sending applicants directly to Defendant's operations managers, rather than to Savoie, thereby excluding her from the hiring process for non-flex-pool positions.

31. In response to Savoie's hiring decisions, Defendant, through its operations managers, instructed Savoie that the racial makeup of the flex pool was becoming "too dark." Savoie understood this to be a criticism of her hiring of Black employees, contrary to Defendant's instructions to prefer White applicants.

32. In response to Savoie's hiring decisions, LeBlanc separately, and explicitly, counseled Savoie that she was selecting too many Black applicants for the flex pool and instructed her to select more White applicants.

33. Savoie refused to follow LeBlanc's instructions and informed him that doing so would be against the law. Savoie thereby opposed Defendant's unlawful conduct, which opposition constituted protected activity within the meaning of Title VII and the ADEA.

34. In January 2018, LeBlanc and Moneaux decided to terminate Savoie.

35. On January 31, 2018, Defendant terminated Savoie in retaliation for her opposition to Defendant's discrimination on the basis of race, sex, and/or age.

36. Since at least 2016, Defendant has selected Black applicants for non-salaried, non-office positions at rates far below their availability in the relevant labor pools because of their race. For example, data showed that of the 173 employees Ecoserv hired between 2016 and 2019 for non-salaried, non-office positions, only 55 were Black. Black applicants were disproportionately denied employment at a statistically significant rate because of their race.

37. Since at least 2016, Defendant has selected female applicants for non-salaried, non-office positions at rates far below their availability in the relevant labor

pools because of their sex. For example, data showed that of the 173 employees Ecoserv hired between 2016 and 2019 for non-salaried, non-office positions, none were female. Female applicants were disproportionately denied employment at a statistically significant rate because of their sex.

38. Since at least 2016, Defendant has selected applicants who were 40 years or older for non-salaried, non-office positions at rates far below their availability in the relevant labor pools because of their age. For example, Data showed that of the 143 employees Ecoserv hired between 2017 and 2019 for non-salaried, non-office positions, only 13 were 40 years of age or older. Applicants who were 40 years old or older were disproportionately denied employment at a statistically significant rate because of their age.

39. The unlawful employment practices complained of above were and are intentional.

40. The unlawful employment practices complained of above were and are done willfully and with malice or with reckless indifference to the federally protected rights of applicants who are Black, female, or 40 years old or older and to the federally protected rights of Savoie, who engaged in activity protected by Title VII and the ADEA.

## CAUSES OF ACTION

<u>TITLE VII</u>

41. Through the conduct alleged herein, including in paragraphs 19, 22, 23, 24, 31, 32, 36, 39 and 40 of this complaint, since at least January 2016, Defendant

has engaged in unlawful employment practices at their facilities, in violation of Sections 703(a) and 707 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-6, by routinely denying employment to Black applicants because of their race, and engaging in a pattern or practice of discriminating against Black applicants, for non-salaried, non-office positions .

42. Through the conduct alleged herein, including in paragraphs 19-22, 37, 39 and 40 of this complaint, since at least January 2016, Defendant has engaged in unlawful employment practices at their facilities, in violation of Sections 703(a) and 707 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-6, by routinely denying employment to female applicants because of their sex, and engaging in a pattern or practice of discriminating against female applicants, for non-salaried, non-office positions.

43. Through the conduct alleged herein, including in paragraphs 31, 36, 40, and 42 of this complaint, since at least January 2018, Defendant has engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Savoie by discharging her because she opposed Defendant's discriminatory practices and engaged in activity protected by Title VII.

ADEA

44. Through the conduct alleged herein, including in paragraphs 20, 23, 26, 30, 31, 39, 40, and 41 of this complaint, since least January 2017, Defendant has engaged in unlawful employment practices at its facilities, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a), by routinely denying employment to applicants aged

40 or older, and engaging in a pattern or practice of discriminating against such applicants, for non-salaried, non-office positions.

45. Through the conduct alleged herein, including in paragraphs 19, 30, 34, 35, 39, and 40 of this complaint, since at least January 2018, Defendant has engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(d) by retaliating against Savoie and discharging her because she opposed Defendant's discriminatory practices and engaged in activity protected by the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination based on race, sex, or age in their hiring practices and from retaliating against employees who oppose these and other discriminatory practices, or otherwise engage in activity protected by Title VII or the ADEA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants who are Black, female, or 40 years of age or older, and for employees who participate in activity protected by Title VII or the ADEA, or who oppose practices made unlawful by Title VII or the ADEA, and which eradicate the effects of Defendant's past and present unlawful employment practices.

    C.    Order Defendant to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

    D.    Order Defendant to make whole Savoie and aggrieved applicants who are Black, female, and/or 40 years of age or older, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place hiring of qualified Black and female applicants and applicants who are 40 years of age or older.

    E.    Order Defendant to make whole Savoie and aggrieved applicants who are Black, female and/or 40 years old or older by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

    F.    Order Defendant to make whole Savoie and aggrieved applicants who are Black and/or female by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Order Defendant to pay punitive damages to Savoie and aggrieved applicants who are Black and/or female for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

H.   Order Defendant to pay liquidated damages to Savoie and aggrieved applicants who are 40 years old or older for Defendant's willful conduct described above, in amounts to be determined at trial.

I.   Grant such further relief as the Court deems necessary and proper in the public interest.

J.   Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint which are triable to a jury.

Respectfully Submitted,

**Gwendolyn Young Reams**
Acting General Counsel

**Christopher Lage**
Deputy General Counsel

**Rudy L. Sustaita**
Regional Attorney

**Gregory T. Juge**
Assistant Regional Attorney

*/s/ Elizabeth J. Owen*
**Elizabeth J. Owen, T.A.**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Email: elizabeth.owen@eeoc.gov
Louisiana Bar No. 33620

**Peter F. Theis**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: peter.theis@eeoc.gov
Louisiana Bar No. 34786

**Scott D. Wilson**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2569
Email: scott.wilson@eeoc.gov
Louisiana Bar No. 19835

**COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Defendant's Registered Agent For Service of Process:**

C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816