UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| U S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 6:23-CV-01321 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ECOSERVE L L C | MAGISTRATE JUDGE DAVID J. AYO |

## MEMORANDUM RULING

Before this Court is a MOTION TO QUASH OR MODIFY SUBPOENAS OR FOR A PROTECTIVE ORDER (Rec. Doc. 35) filed by Plaintiff the Equal Employment Opportunity Commission ("EEOC"). Defendant Ecoserv, LLC ("Ecoserv") filed an opposition (Rec. Doc. 36) to which the EEOC replied (Rec. Doc. 43). Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the motion is DENIED.[1]

## Background

The EEOC instituted this action on September 22, 2023, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the Age Discrimination in Employment Act, as amended ("ADEA"); and Title I of the Civil Rights Act of 1991[2] on behalf of Felicia Savoie and those similarly situated. (Complaint, Rec. Doc. 1). The EEOC alleges that Ecoserv "engaged in unlawful discrimination by (1) regularly denying employment to applicants who are Black, female, and/or 40 years old or older

---

1. As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.
2. 42 U.S.C. 2000e *et seq.*, 29 U.S.C. 621 *et seq.*

for non-salaried, non-office positions because of race, sex, and/or age; and (2) retaliating against Felicia Savoie, who opposed Defendant's actions, which she reasonably perceived to constitute unlawful employment discrimination." (Complaint, Rec. Doc. 1).

On February 1, 2024, the EEOC filed a motion to stay and to quash or modify subpoena or for a protective order regarding a subpoena served by Ecoserve on ASAP, Inc. of Louisiana (Rec. Doc. 15) on the grounds that the subpoena seeking Savoie's employment records from a "subsequent employer" is overly "broad on its face and seeks irrelevant and non-proportional information." (Rec. Doc. 15-3). Ecoserv opposed the motion. (Rec. Doc. 22). Following discussion and for reasons given at the telephone conference held regarding this matter, this Court denied the EEOC's motion. (Rec. Doc. 62).

On March 13, 2024, and March 19, 2024, Ecoserv served subpoenas duces tecum on System Services Broadband, LLC, ("Systems") and Ferrara Fire Apparatus, Inc. ("Ferrara") (collectively referred to by Ecoserv as "Company") seeking the following information:

> **Request No. 1**
> Felicia Naquin Savoie's application, documents, forms, materials, records and/or resume executed, signed and/or submitted by Felicia Naquin Savoie to Company prior to and/or within thirty (30) days after the commencement of her employment with Company.
>
> **Request No. 2**
> Any background check or similar review that Company conducted, obtained, performed and/or received regarding Felicia Naquin Savoie prior to and/or within thirty (30)

2

days after the commencement of her employment with Company.

### Request No. 3
Any complaints and/or disciplinary actions involving or pertaining to Felicia Naquin Savoie during her employment with Company, whether made by another about or regarding Savoie or made by Savoie about or regarding another.

### Request No. 4
The job duties and job performance of Felicia Naquin Savoie during her employment with Company, including performance or similar reviews or evaluations.

### Request No. 5
Any changes in compensation or changes in title or position that Felicia Naquin Savoie received during her employment with Company.

### Request No. 6
Any claim for workers' compensation benefits submitted or made by Felicia Naquin Savoie during her employment with Company and the disposition of any such claim.

### Request No. 7
Any dates on which Felicia Savoie was absent from work for reasons other than taking accrued vacation.

### Request No. 8
Any amounts that Company paid to Felicia Naquin Savoie as Income for her work or services during her employment with Company, including any wage, salary, bonus, overtime and/or any other Income.

### Request No. 9
Any benefits that Company paid and provided for Felicia Naquin Savoie as compensation or payment for her work or services during her employment with Company.

### Request No. 10
Any benefits that Felicia Naquin Savoie paid for or contributed to herself, whether in whole or in part, during

>    her employment with Company.
>
>    **Request No. 11**
>    Any written Documents that describe or concern the termination of Felicia Naquin Savoie's employment with Company.
>
>    **Request No. 12**
>    Any request for or award of unemployment compensation made or received by Felicia Savoie, and/or response thereto by Company, after the termination of her employment with Company.

(Rec. Docs. 35-4, 35-5, and 36).

In response, the EEOC filed the instant MOTION TO QUASH OR MODIFY SUBPOENAS OR FOR A PROTECTIVE ORDER (Rec. Doc. 35), regarding the subpoenas issued to Systems and Ferrara who like ASAP employed Savoie after she was employed by Ecoserv.  The EEOC asserts that "an extensive and invasive collection of Ms. Savoie's private employment records is not proportional to the needs of this case, and the subpoenas appear designed to further retaliate against, harass, and intimidate Ms. Savoie and the other aggrieved individuals." (Rec. Doc. 35-3, p. 7).  As noted by the EEOC, this motion is similar to the previously filed motion[3] which this Court denied.  Citing *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021); Ecoserv asserts that given the Title VII-based claims at issue in this case, the discovery standard is especially broad in this matter and that the EEOC has failed to carry its "heavy burden" of proof to demonstrate any specific harm or injury which

---

3 The EEOC states "[t]here is currently pending a similar motion to quash or modify or for a protective order previously filed by EEOC (R. Doc. 15), which challenges a subpoena that Ecoserv served on a different subsequent employer of Ms. Savoie." (Rec. Doc. 35-3).

would result from the production of the responsive documents.

## Law and Analysis

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court. . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). A "trial court enjoys wide discretion in determining the scope and effect of discovery. . . ." *Equal Emp't Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 698 (5th Cir. 2017). In evaluating the merits of the instant motion, this Court is guided by Rule 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.

"[D]espite the broad scope of discovery, personnel files are generally treated with special care in the Fifth Circuit." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2016 WL 3923873, at *6 (E.D. La. July 21, 2016). "Employee personnel files contain much . . . sensitive and potentially embarrassing information, for example, alimony and child support garnishment, tax records, and drug test results." *Williams v. Roy O. Martin Lumber Co., LLC*, 51 Fed. App'x 483, 2002 WL 31319337, at *6 (5th Cir. 2002). As such, courts permit the disclosure of personnel records only when the

5

personnel files contain material highly relevant to the theory of the case at hand and are requested with particularity because the information in personnel records invariably contains a significant privacy interest. *Dufrene v. Am. Tugs, Inc.*, 2018 WL 6448838, at *9 (E.D. La. Dec. 10, 2018). "[I]n resolving disputes regarding personnel files, the court is required to balance the competing interests of the parties in a considered manner, with regard for the breadth of the federal discovery rules." *George v. Entergy Servs., Inc.*, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010).

Having balanced the competing interests, this Court finds that the instant motion should be denied. Ecoserv is requesting Savoie's personnel files on whose behalf the EEOC is bringing suit claiming that Ecoserv terminated her for opposing discriminatory hiring practices. The EEOC alleges:

- That Savoie was qualified for her position and remained qualified throughout her employment with Ecoserv.
- On July 12, 2017, Mr. Moneaux prepared a performance review of Savoie. In each section, he indicated that Savoie fully achieved, and in some instances exceeded, expectations.
- At all times relevant to this matter, Savoie performed her job at least satisfactorily.

(Complaint, at ¶15, 16, and 17).

Because Savoie's job performance is at issue, the Court finds that the requested information is nonprivileged and highly relevant to the issues presented in this lawsuit. The Court also finds that the requested information is proportional to the needs of the case. Any privacy interest that Savoie has can be protected by redacting

the confidential and private information per the Protective Order entered on November 26, 2024. (Rec. Doc. 78). Accordingly, after balancing the relevant factors and for the reasons also expressed in the telephone conference on September 14, 2024, (Rec. Doc. 62), the Court finds that Ecoserv's interest in obtaining this relevant information outweighs Savoie's privacy interest as protected by the Protective Order.

## Conclusion

For the foregoing reasons, the MOTION TO QUASH OR MODIFY SUBPOENAS OR FOR A PROTECTIVE ORDER (Rec. Doc. 35) filed by Plaintiff Equal Employment Opportunity Commission is DENIED.

Signed at Lafayette, Louisiana on this 6th day of January, 2025.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE